UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TAMMY EDWARDS | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| RDAL, INC. and ASHLEY DAVID LEE | ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Plaintiff TAMMY EDWARDS, and files her complaint against Defendants for violations of the Americans with Disabilities Act and the Fair Labor Standards Act, respectfully showing the Court as follows:

*Parties, Jurisdiction & Venue*

1.

Plaintiff TAMMY EDWARDS is and at all times relevant was an individual over the age of majority residing in the Southern District of Georgia, Waycross Division, and is subject to the jurisdiction of this Court.

2.

Defendant RDAL, INC. ("RDAL") has its corporate office at 385 Lynn Holly Lane, Hoboken, GA 31542 but regularly conducts or conducted business in this District and Division at all times relevant to this Complaint and is subject to the jurisdiction of this Court.

3.

Defendant ASHLEY DAVID LEE resides at 1664 Mars Hill Road, Hoboken GA 31542 and maintains an office at 385 Lynn Holly Lane, Hoboken, GA 31542 and regularly conducts or conducted business in this District and Division at all times relevant to this Complaint and is subject to the jurisdiction of this Court.

4.

Venue is proper in this District and Division.

5.

This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), the Americans with Disabilities Act, 42 U.S.C. 21 § 12101 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.

Plaintiff has satisfied all prerequisites to filing this action by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue from the EEOC (Exhibit 1) and has timely filed this action.

7.

Personal jurisdiction, subject matter jurisdiction, and venue are proper in this Court.

*Factual Allegations & Claims*

8.

Plaintiff began working at Defendants' Huddle House restaurant as a cook/waitress in February 2013. In addition, Defendants would assign Plaintiff to work at other restaurants owned or operated by Defendants, from time to time.

9.

When Plaintiff began working for Defendants she informed them that she had various disabilities, including but not limited to high blood pressure, multiple sclerosis, and various medical issues arising out of a previously suffered stroke. Manager TAMMY ANDERSON was also made aware of Plaintiff's medical issues and disabilities.

10.

On or around June 6, 2013, Plaintiff was working a third shift for Defendant and experienced an increase in her blood pressure. A customer called an ambulance, which took Plaintiff for treatment at a hospital. When LEE discussed the incident with Plaintiff, he told her that he could not have employees leaving the restaurant in an ambulance.

11.

LEE also told Plaintiff that he had talked to his insurance company and had decided that he needed to terminate her employment because she was a liability to the company.

12.

ANDERSON also told Plaintiff that she was "a liability" because of her disabilities.

13.

Plaintiff's employment was terminated by Defendants on or about June 13, 2013. On the Separation Notice, ANDERSON wrote "we had to lay Tammy off due to her medical condition." (Exhibit 2).

14.

During Plaintiff's employment, Plaintiff was paid less than minimum wage in some of the workweeks that she performed services for Defendant.

15.

For example, Plaintiff was paid $2.25 per hour while working as a waitress but occasionally did not make minimum wage when tips were added to her hourly pay.

16.

In some workweeks that Plaintiff performed services for Defendant, she was not paid the difference between what she actually earned when her hourly rate and tips were combined, and minimum wage. Instead, LEE would calculate hours worked per week, determine what Plaintiff should have been paid to meet the minimum wage requirements of the FLSA, and would put that number on Plaintiff's pay stub, but did not actually cause Plaintiff to be paid the amount listed on the pay stub.

## COUNT I – AMERICANS WITH DISABILITIES ACT

17.

The previous allegations of the complaint are repeated and incorporated by reference as if fully set forth herein.

18.

Defendant RDAL violated the Americans With Disabilities Act, as amended ("ADA") by terminating Plaintiff because of her medical conditions.

19.

As a result of Defendant RDAL's intentional and willful violations of the ADA, Plaintiff has been damaged, and is entitled to recover from RDAL all damages allowed by law, including nominal, compensatory, and punitive damages.

## COUNT II – FAIR LABOR STANDARDS ACT

20.

The previous allegations of the complaint are repeated and incorporated by reference as if fully set forth herein.

21.

At all times relevant, Plaintiff was subject to and entitled to the protections set forth in the FLSA, including applicable minimum wage requirements.

22.

At all times relevant Defendants were subject to and required to comply with the requirements of the FLSA.

23.

Defendants failed to pay Plaintiff minimum wage for each workweek Plaintiff worked for Defendants.

24.

Defendants' failure to pay Plaintiff minimum wage for each workweek Plaintiff worked for Defendant was willful.

25.

As a result of Defendants' intentional and willful violations of the FLSA, Plaintiff has been damaged, and is entitled to recover from Defendants all damages allowed by law, including liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following:

1. Trial by jury on all matters raised in this Complaint;
2. That the Court enter judgment against Defendants to include;

992924-1

a. Back pay with prejudgment interest and all benefits to which Plaintiff is entitled;

b. Front pay and benefits;

c. Liquidated damages;

d. Nominal damages;

e. Compensatory damages;

f. Punitive damages;

g. Reasonable attorneys' fees, costs, and expenses;

h. All interest allowed by law; and

i. Any and all other and further relief as may be awarded by the jury or that the Court deems just or proper.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

s/Shawn A. Kachmar
Shawn A. Kachmar
Georgia Bar Number 405723
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
200 E. Saint Julian Street
Savannah, Georgia 31412-0048
Telephone: (912) 236-0261
Facsimile: (912) 236-4936
skachmar@huntermaclean.com

WHITWORTH & McLELLAND, LLC

s/Brad S. McLelland
Brad S. McLelland
Georgia Bar Number 496898
Whitworth & McLelland, LLC
Suite A, Gloucester Square
1801 Gloucester Street
Brunswick, Georgia 31520
Telephone: (912) 265-4000
Facsimile: (912) 264-5884
bmclelland@whitworthmclelland.com

992924-1

6